# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

**DOCKET NO. 3:08-cv-00334-FDW**
**(3:05-cr-00283-FDW)**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **GEORGE C. STOUTENBURGH,** | ) | **NOTICE** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

THIS MATTER comes now before the Court upon receipt of Defendant's pro se letter (Case No. 3:08-cv-334, Doc. No. 1; Case No. 3:05-cr-283, Doc. No. 44) claiming both prosecutorial misconduct and ineffective assistance of counsel. First, Defendant contends that he should have received a motion for downward departure due to substantial assistance pursuant to Rule 5K1.1, and that the Government has engaged in prosecutorial misconduct by failing to make that motion. Second, Defendant argues that his court-appointed counsel, Mr. Kenneth Snow at the trial level and Ms. Carol Ann Bauer at the appellate level, provided ineffective assistance of counsel. Because Defendant has already directly appealed his sentence, the Court hereby GIVES NOTICE under Castro v. United States, 540 U.S. 375 (2003), that it intends to recharacterize Defendant's letter as a Motion to Vacate, Correct, or Set Aside Sentence pursuant to 28 U.S.C. § 2255. This recharacterization means that "any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions." Castro, 540 U.S. at 383. If Defendant objects to this recharacterization, he has thirty (30) days, on or before August 18, 2008, "to withdraw the motion or amend it so that it contains *all* the § 2255 claims he believes he has." Id. at 383 (emphasis added); see also United States v. Blackstock, 513 F.3d 128 (4th Cir. 2008).

IT IS SO ORDERED.                              Signed: July 17, 2008


_____
Frank D. Whitney
United States District Judge